Filed 12/17/2015 2:50:23
Rachel P. Ramirez
District Clerk
Zavala County, Texas

Noelia Martinez

## 15-12-13602-ZCV

NO. _____

| | | |
|---|---|---|
| JUAN ANTONIO SANDOVAL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | Zavala County - 293rd District Court |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| C. R. ENGLAND INC., | § | |
| and JESUS BENAVIDEZ ALVARADO | § | ZAVALA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COME NOW Plaintiff, JUAN ANTONIO SANDOVAL hereinafter sometimes referred to as "SANDOVAL" complaining of Defendant, C. R. ENGLAND INC. AND JESUS BENAVIDEZ ALVARADO sometimes hereinafter referred to as "ENGLAND INC." and hereinafter sometimes referred to as "ALVARADO" and for cause of action Plaintiff would allege and show to the Court as follows:

### I.    PARTIES AND DISCOVERY CONTROL PLAN

1.1    Plaintiff is a resident of Eagle Pass, Maverick County, Texas.

1.2    Defendant, ENGLAND INC. is a trucking company and service of process can effectuated through their registered agent, Corey D. England at his place of business, 4701 W 2100 South, Salt Lake City, UT 84120. This petition will be forwarded via the Texas Secretary of State.

EXHIBIT
A

1.3      Defendant, ALVARADO, is a resident of La Pryor, Zavala County, Texas. Service of process can be effectuated through his attorneys, Knickerbocker, Heredia, Jasso & Stewart, P.C., at 468 Main Street, Eagle Pass, Texas 78852, have agreed to accept service.

1.4      Plaintiff affirmatively plea that discovery should be conducted under Level 3 in accordance with Texas Civil Procedure Rule 190.3.

## II. VENUE AND JURISDICTION

2.1      Venue is proper in Zavala County, Texas, pursuant to Section 15.002 (a) (2) of the Texas Civil Practice and Remedies Code because all on a substantial part of the events occurred in Zavala County.

2.2      Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

2.3.     Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.  Furthermore, Defendants have derived benefits, advantages and/or economic profits from Texas.  Additionally, Defendants do business in Texas thereby intending to serve the Texas market.

## III. NATURE OF CAUSE

3.1     Plaintiffs brings this cause of action to recover damages for personal injuries and economic damages sustained by Plaintiff arising out of an automobile collision which occurred on or about May 23, 2015 in or around Crystal City, Zavala County, Texas.

## IV. FACTS

4.1     Plaintiff adopt and re-alleges Paragraphs III through IV of this Petition and incorporates same as if set forth in full herein.

4.2     On or about MAY 23, 2015, DRAMACO MAHOAH TRYMAINE was driving a 2013 Red Freightliner when TRYMAINE, drove inattentively, failed to drive in a single lane and struck Plaintiff's vehicle. TRYMAINE's negligent acts caused the collision, Plaintiff's injuries and damages.

4.3     Defendant, SANDOVAL, failed to take proper action in order to avoid the collision.

## V. NEGLIGENCE

5.1     Plaintiff adopts and re-alleges Paragraphs III through V of this Petition and incorporates same as if set forth in full herein.

5.2     The occurrence made the basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant, ENGLAND, INC.'s driver in one or more of the following respects:

a.  In failing to keep a proper lookout as a reasonable and prudent person would have done under the same or similar circumstances;

b.  In failing to timely apply the brakes to Defendant's vehicle in order to avoid the collision in question;

c.  In failing to take evasive action in order to avoid the collision;

d.  In failing to maintain proper control of her vehicle;

e.  In driving inattention;

f.  In failing to keep and assured clear distance;

5.3   Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein and below.

5.4   Plaintiff would also show that the injuries and damages described herein were proximately caused by the negligence of Defendant and accordingly, Defendant is liable.

## VI. NEGLIGENCE PER SE

6.1   Plaintiff would further show that TRYMAINE, was Negligent Per Se, as a matter of law in driving a vehicle upon a public roadway, in the State of Texas in a reckless manner, where no exception applied and failing to control his speed and in driving inattention to-wit:

    a.  V.T.C.A., Transportation Code, Section 545.401 states in relevant part that: "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

    b.  V.T.C.A., Transportation Code, Section 545.351(b)(2) states in relevant part that: "A person commits an offense if the person fails to control the speed of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances."

6.2    The purpose of V.T.C.A., Transportation Code, Sections 545.401 and 545.351 (b)(2) is to regulate the smooth and orderly flow of traffic on streets and public highways and these provisions were intended to, interalia, protect persons from collisions.

6.3    Plaintiff was among those persons intended to be protected by V.T.C.A., Transportation Code, Sections 545.401 and 545.351(b)(2). Accordingly, Defendant's failure to comply with these provisions of said statutes constitutes and Defendant is accordingly guilty of Negligence Per Se as a matter of law.

## VII. DAMAGES

7.1    Plaintiff adopt and re-allege Paragraphs III through VII of this Petition and incorporates same as if set forth in full herein.

7.2    The evidence will show that as a result of the Defendant's negligent acts and the Plaintiff sustained serious bodily injuries. As a result of those injuries, the Plaintiff has incurred damages. These elements to be considered separately and individually are as follows:

a.   The physical pain and suffering that the Plaintiff felt from the date of the incident in question up to the time of trial;

b.   The physical pain and suffering that the Plaintiff will feel in the future beyond the time of trial;

c.   The mental anguish that the Plaintiff suffered from the date of the occurrence in question up to the time of trial;

d.   The mental anguish that the Plaintiff will suffer in the future beyond the time of trial;

e.   The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

f.   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

g.   The damages resulting from the physical impairment suffered by the Plaintiff and the resulting inability to do those things that the Plaintiffs ordinarily would have been able to do from the date of the incident up to the time of trial;

h.   The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future and the resulting inability to do those things that the Plaintiff would ordinarily have been able to perform in the future beyond the time of trial;

## XIII. REQUEST FOR DISCLOSURE

8.1   Pursuant to Tex. R. Civ. P. 194, Defendants are requested to disclose, within fifty

(50) days of service of this request, the information or material described in Rule 194.2

(a)-(1).

## IX. PRE-JUDGMENT AND POST-JUDGEMENT INTEREST

9.1    Plaintiff further alleges that he is entitled to recover Pre-Judgment and Post-Judgment interest at the legal rate as provided by *Cavnar vs. Quality Control Parking, Inc.*, 696 S.W. 2d 549 (Tex. 1985) and Section 304.001 et. seq. of the Texas Finance Code.

### X.

10.1   Plaintiff respectfully demand a Trial by Jury on the issues of this cause and respectfully request that this cause be placed on the next available Jury Docket.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited in terms of law to appear and answer this Petition, and that upon Final Hearing, Plaintiff have Judgment against Defendants, for all damages as alleged herein, for Costs of Court and for such other and further relief, both general and special, to which Plaintiff may be entitled under equity and in law.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted,

NEVÁREZ LAW GROUP, P.C.
780 Rio Grande
Eagle Pass, Texas 78852
Telephone:  (830) 776-7003
Telecopier:  (830) 776-7004

By: /s/   *Alfonso Nevárez C.*
      ALFONSO NEVÁREZ C.
      State Bar No. 24005376
      ARMANDO J. ROMAN
      State Bar No. 24046752

ATTORNEYS FOR PLAINTIFF



F I L E D
O'Clock
FEB 23 2016
RACHEL P. RAMIREZ
District Clerk, Zavala County, Texas
By_____ Deputy

## 293ʳᵈ JUDICIAL DISTRICT OF TEXAS

### CYNTHIA L. MUÑIZ
### District Judge

ALEIDA CASTILLO
Official Court Administrator

SUSAN L. VILLANUEVA
Official Court Reporter

### CAUSE NO. 15-12-13602-ZCV

| | | |
|---|---|---|
| JUAN ANTONIO SANDOVAL | § | IN THE DISTRICT COURT |
| V. | § | 293ᴿᴰ JUDICIAL COURT |
| C. R. ENGLAND INC., AND JESUS BENAVIDEZ ALVARADO | § | ZAVALA COUNTY, TEXAS |

### AMENDED NOTICE OF COURT HEARING

Notice is hereby given that the above styled and numbered cause has been set for **PRETRIAL HEARING/ DOCKET CONTROL CONFERENCE** on the **2ᴺᴰ** day of **March, 2016**, at **10:00** o'clock **a.m.**, at the **Zavala County District Courtroom in Crystal City, Texas**, at which time all interested parties shall appear.

Counsel for the Plaintiff(s) is Ordered to notify Counsel for the Defendant(s) of this setting within three (3) days of receiving an Answer.

If no Answer has been filed by any Defendant prior to the date of the hearing, the appearance of Counsel for the Plaintiff(s) will be excused unless the Court sets the case for status hearing.

Contemporaneous with the filing of this Order, the Court's Docket Control Order will be sent to Counsel for the Plaintiff(s) via e-mail. If the Court receives the completed Docket Control Order signed by all Counsel prior to the date set for the hearing, the attendance of all Counsel at the hearing will be excused; otherwise, the attendance of Counsel is mandatory. All docket call, trial and hearing dates must conform with the Court's calendar.

The parties may agree to the selection of a mediator; however, if no selection has been made by the parties when the Court receives the executed Docket Control Order, the Court will select the mediator.

SIGNED on this the _4ᵗʰ_ day of _February_, 2016.

_Cynthia L. Muñiz_

**CYNTHIA L. MUÑIZ,**
**Judge Presiding**

xc:    Mr. Alfonso Nevarez, Attorney at Law, Telecopier, (830) 776-7004

500 Quarry Street, Suite 4 • Eagle Pass, Texas 78852 • 830.758.1730 tel • 830.758.1775 fax
Maverick County • Dimmit County • Zavala County

**CLERK OF THE COURT**
RACHEL P. RAMIREZ
P.O. BOX 704
CRYSTAL CITY, TX 78839

**ATTORNEY / PETITIONER**
ALFONSO NEVAREZ C.
590 E. MAIN STREET, SUITE A
EAGLE PASS, TEXAS 78839

Server _____
Date 2/3/2016 Time 3:10 pm
P/S _Kelly Nixon_
ANDERSON INVESTIGATIONS, INC.  #G101390
P.O. BOX 535, SLC, UT 84110  877-619-1110

## THE STATE OF TEXAS
15-12-13602-ZCV

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: C. R. ENGLAND, BY AND THRU SERVING ITS REGISTERED AGENT COREY E. ENGLAND, 4701 W. 2100 SOUTH, SALT LAKE CITY, UT 84120, , GREETINGS:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 293RD DISTRICT COURT, of Zavala County, Texas at the Courthouse in said County in Crystal City, Texas.

Said Plaintiff's Petition was filed in said court on 17th day of December, 2015 in this case, numbered 15-12-13602-ZCV on the docket of said court, and styled:

SANDOVAL, JUAN ANTONIO
VS.
C. R. ENGLAND
ALVARADO, JESUS BENAVIDEZ

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Crystal City, Texas this 7th day of January, 2016.

(SEAL)

Rachel P. Ramirez
District Clerk
P.O. Box 704
Crystal City, TX 78839

By _Noelia Martinez_
NOELIA MARTINEZ, DEPUTY

## SHERIFF'S RETURN

Came to hand on the _____ day of _____, 2_____, at _____o'clock ____.M. and executed in _____, County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying copy of the Plaintiff's Petition, at the following times, to-wit:

| NAMES | | DATE | | | TIME | | | |
|---|---|---|---|---|---|---|---|---|
| | | Year | Month | Day | Hour | Mts. | M | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

And not executed as to defendant(s), _____

_____

the diligence used in finding said defendant(s), being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s), being _____

**FEES:**   Serving ____ cop_____   $_____         _____, Sheriff

          TOTAL         $_____         _____ County, Texas

                                   By _____ Deputy